

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHAEL PARKER and<br>JANICE PARKER,<br><br>       Plaintiffs,<br><br>v.<br><br>RETROTECH INCORPORATED,<br><br>       Defendant. | DOCKET NO. 051065T-AN<br>Jury Demand (6)<br>Magistrate Judge Anderson |

## RULE 16(b) SCHEDULING ORDER

As required by Rule 16(b) of the Federal Rules of Civil Procedure, counsel for the parties have conferred to discuss the issues enumerated in Federal Rule 16, and submit to the Court this Proposed Scheduling Order

### A.  Status of Service of Process and Responsive Pleading

This action was commenced in the Circuit Court for Madison County, Tennessee on February 14, 2005 under Civil Action No. C-04-519. Defendant Retrotech Incorporated was served with copies of the summons and amended complaint pursuant to the Long Arm Statute through the Tennessee Secretary of State dated February 15, 2005. Defendant Retrotech filed a Notice of Removal and Petition of Removal on or about March 2, 2005. This case was removed from Circuit Court to the United States District Court for the Western Division on or about March 7, 2005. Defendant Retrotech answered Plaintiffs' Amended Complaint on or about March 17, 2005. Plaintiffs filed a Motion to Amend Complaint in the United States District Court for the Western District on or about May 16, 2005.

### B.  Jurisdiction

This Honorable Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1332(a)(1) in

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 06-06-05

that the parties are citizens of different States and the matter in controversy is in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs. Jurisdiction is not disputed.

### C.  The Parties Theories of the Case

#### 1.  Plaintiffs' Theory of the Case:

On or about April 20, 2004, Michael Parker ("hereinafter Plaintiff") was operating a crane when the platform fell to the ground causing him serious personal injuries. The Plaintiff alleges, under the theory of Respondent Superior, that the employees of Retrotech Incorporated ("hereinafter Defendant") who inspected and maintained the crane system at Pinncale Foods were negligent. Specifically, the Plaintiff alleges that the Defendant employees failed to properly maintain the crane system; failed to properly inspect the crane in order to discover the dangerous condition; failed to warn of the dangerous condition; knew or should have known that there was a dangerous condition on the crane; failed to provide proper mechanical care to the crane system; and failed to inform Pinnacle Foods of the dangerous condition of the crane system..

Retrotech Incorporated was hired by Pinnacle Foods to inspect and maintain the crane system. Pinnacle Foods requested that the Defendant perform load rating testing documentation after modification. However, the Defendant informed Pinnacle Foods that no load rating tests are performed after modification. The Defendant's inspection after the accident concluded that several cracks in the frame were present on the crane in question and that a drive chain breakage caused the accident. The Defendant also concluded that the cracks in the frame were present before the accident due to rust and the surface of the cracks. Additionally, the brake system on the crane was not operational at the time of the accident and the secondary brake system did not work due to grease build up.

Due to the problems with the crane system at Pinnacle Foods, the Plaintiff sustained serious injuries including a fractured C3 vertebrae and a ruptured C5 vertebrae. The negligent acts and omissions of the Defendant's employees are the proximate cause of the Plaintiff's injuries. Therefore, the Plaintiff is entitled to damages.

### 2. Defendant's Theory of the Case:

Retrotech, Inc. was employed to install an "over speed" detector on the subject system in December 2003. That work was completed in January 2004. In March, 2004 Retrotech employees tested both the "over speed" detector and the "slack cable" detector. Both systems deployed the brake pads as intended. But tests revealed that the brake pads, when deployed, were not effectively slowing the decent of the carriage due to a build up of dirt and grease due to a lack of maintenance on the part of Pinnacle. Retrotech documented this condition and reported it to Pinnacle as a dangerous condition that required a remedy. Pinnacle apparently did not act on this information. The accident occurred within weeks

Retrtotech, Inc. properly performed all work it contracted to perform. Retrotech did not breach any duty it had regarding the system in question. Pinnacle had the duty to maintain the system and it is Pinnacle's failure to properly maintain the system that is the proximate cause of plaintiff's injuries and damages. The chain which broke was manufactured by US Tsubaki, Inc. and was of an appropriate design strength. Retrotech relies on all defenses available under T.C.A., Section 29-28-101 *et seq*.

### D. Initial Disclosures pursuant to Rule 26(a)(1)

Pursuant to Federal Rule of Civil Procedure 26(a)(1), all parties must make their initial disclosures within fourteen (14) days of the date set for the Scheduling Conference. A deadline later than fourteen (14) days from the Scheduling Conference date must be due to special circumstances and authorized by the Court.

### E. Joining Parties

The Plaintiffs shall join all additional parties by August 7, 2005. The Defendant shall join all additional parties by September 7, 2005.

### F. Amending Pleadings

The Plaintiffs shall amend all pleadings by August 7, 2005. The Defendant shall amend all pleadings by September 7, 2005.

3

G. **Completing all Discovery**

All discovery shall be completed by February 7, 2006.

### 1. Requests for Production, Interrogatories, and Requests for Admission

All Requests for Production, Interrogatories, and Requests for Admissions must be completed between December 7, 2005 and February 7, 2006.

### 2. Expert Disclosure pursuant to Rule 26(a)(3)

The Plaintiffs must disclose their Rule 26(a)(3) Expert no later than December 7, 2005. The Defendant must disclose their Rule 26(a)(3) Expert no later than January 7, 2006. Under Rule 26(e), supplementation of the Expert Disclosure must be done by January 17, 2005.

### 3. Depositions of Experts

Expert Depositions must be completed by February 7, 2006, unless the Court authorizes a later date due to special circumstances.

H. **Filing Dispositive Motions**

All Dispositive Motions must be filed by February 22, 2006.

I. **Final Witness and Exhibit Lists pursuant to Rule 26(a)(3)**

The Plaintiffs must submit their final list of witnesses and exhibits by April 7, 2006. The Defendant must submit their final list of witnesses and exhibits by April 22, 2006. The parties shall have ten (10) days after service of final lists of witnesses and exhibits to file objections under Rule 26(a)(3).

The trial of this matter is expected to last three to five (3-5) days and is SET for JURY TRIAL on May 22, 2006 at 9:30 A.M.

J. **Other Relevant Matters**

Interrogatories, Requests for Production and Requests for Admissions must be submitted to the opposing party in sufficient time for the opposing party to respond by the deadline for completion of discovery. For example, if the FRCP allow thirty (30) days for a party to respond, then the discovery must be submitted at least thirty (30) days prior to the deadline for completion of discovery.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of default or service of the response, answer, or objection which is the subject of the motion if the default occurs within thirty (30) days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or any objection to the default, response or answer shall be waived.

The parties are reminded that pursuant to Local Rule 7(a)(1)(A) and (a)(1)(B), all motions, except motions pursuant to FRCP 12, 56, 59, and 60, shall be accompanied by a proposed Order and a Certificate of Consultation.

The opposing party may file a response to any motion filed in this matter. Neither party may file an additional reply, however, without leave of the court. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required.

The parties may consent to trial before the Magistrate Judge. The Magistrate Judge can normally provide the parties with a definite trial that will not be continued unless a continuance is agreed to by all parties, or an emergency arises which precludes the matter from proceeding to trial.

***The parties are encouraged to engage in court-annexed attorney mediation or private mediation on or before the close discovery.***

This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this Order will not be modified or extended.

**IT IS SO ORDERED**

*/s/ S. Thomas Anderson*
**S. THOMAS ANDERSON**
**UNITED STATES MAGISTRATE JUDGE**

Date: June 02, 2005

APPROVED FOR ENTRY:

*Nina Parsley*

Donald D. Zuccarello BPR NO. 15092
Nina Parsley, BPR No. 23818
3209 West End Ave.
Nashville, TN 37209
(615) 259-8100
(615) 259-8108 facsimile

Attorney for Plaintiffs


*Malcolm McCune by permission*

Malcolm L. McCune
Blackburn & McCune
201 Fourth Avenue North
Nashville, Tennessee 37219
(615) 254-7770
(615) 251-1385

Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been sent via the United States Postal Service, with first-class prepaid postage, to:

Malcolm L. McCune
Bradford & McCune
201 Fourth Avenue North
Nashville, TN 37219

on this 31st day of May, 2005.

_____
Donald D. Zuccarello

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 1:05-CV-01065 was distributed by fax, mail, or direct printing on June 6, 2005 to the parties listed.

---

Donald D. Zucarello
214 Second Avenue
Suite 206
Nashville, TN 37201

Malcolm L. McCune
BLACKBURN & McCUNE, P.C.
201 Fourth Ave., N.
Ste. 1700
Nashville, TN 37219

Honorable James Todd
US DISTRICT COURT